IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD NOT BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL ONLY BE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE _____
BY _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| LESTER WILLIAMS (#392560) | DOCKET NO. 10-CV-969; SEC. P |
| VERSUS | JUDGE DRELL |
| CAPTAIN MAC DYESS | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. §1983) of Lester Williams, filed pro se and *in forma pauperis*. Plaintiff complains that he was denied adequate medical care while incarcerated at Rapides Parish Detention Center #3. Plaintiff names as defendants Captain Mac Dyess and the "Medical Personnel of Rapides Parish Detention Center." He seeks compensatory damages and injunctive relief in the form of an investigation of Captain Dyess, as well as an order that he be referred to a specialist for further evaluation and treatment.

### *Factual Allegations*

Plaintiff alleges that on May 7, 2010, he slipped and fell in the shower at Rapides Parish Detention Center #3, injuring his right wrist. He received unspecified medical care for his injury, but "it didn't work." [Doc. #1] On May 10, 2010, Plaintiff was transported to Huey P. Long hospital for x-rays. Plaintiff was informed that his wrist was not broken, but that he should see a "specialist." Plaintiff alleges that he was transferred out of

Rapides #3 to a jail in Catahoula Parish because Rapides jail could not pay for him to see a specialist. On June 17, 2010, while at Catahoula Correctional, Plaintiff was transported to the orthopedic outpatient clinic at Huey P. Long Medical Center. The medical record reflects that Plaintiff was evaluated for a ganglion cyst on his wrist. Examination revealed a tender mass, not ballotable. The recommendation from the doctor was an ultrasound of the right wrist. On June 22, 2010, Plaintiff was transported back to the hospital for the ultrasound, as recommended. The radiologist report, dated July 7, 2010, indicates that the mass is abnormal, but nonspecific. Consideration for a cystic mass in that area would include a large ganglion cyst, thought other considerations such as an organizing hematoma and/or inflammatory mass, or giant cell tumor could also account for the finding. Clinical correlation was advised. By October 18, 2010, Plaintiff had been released from jail.

### *Law and Analysis*

**1. Screening**

When a prisoner seeks to proceed in forma pauperis, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines" that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C.A. § 1915(e)(2)(B). See Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (quoting 28 U.S.C. §1915A) ("As part of the screening process of prisoner complaints under § 1915A, a trial court is directed to 'dismiss the complaint, or any portion of the complaint, if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'"); 42 U.S.C. §1997e(c)(West 1994 and Supp. 2000)(providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

## 2. 1983 claim

Plaintiff alleges that he was denied necessary medical care by Captain Dyess, who allegedly transferred him to Catahoula Correctional Center because Rapides Parish Detention Center did not have the money to pay for Plaintiff to see a specialist. Prison officials violate the constitutional prohibition against cruel and unusual punishment when they demonstrate deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). The Supreme Court has adopted "subjective recklessness as used in the criminal law" as the appropriate test for deliberate

indifference. Farmer v. Brennan, 511 U.S. 825, 839-41 (1994). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

A delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and the delay results in substantial harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). An inmate's disagreement with his medical treatment does not establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Here, although Plaintiff alleges that Dyess refused to provide him with recommended care, Plaintiff was actually examined by a specialist in the LSU hospital orthopedic clinic on June 17, 2010. The specialist recommended an ultrasound, which Plaintiff received five days later, on June 22, 2010. There are no facts presented by Plaintiff to support a claim that Dyess refused to provide Plaintiff with adequate care. Even if Dyess did tell Plaintiff that he was being transferred for financial reasons, the transfer did not interfere with Plaintiff's examination by a specialist and additional testing. Whatever the reason for the transfer, it resulted in Plaintiff promptly receiving additional medical care. To the extent that Plaintiff disagrees with the medical care that

was provided, a disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Even if Plaintiff had presented sufficient factual allegations regarding deliberate indifference, he has not alleged that he suffered any physical injury as the result. Under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The physical injury required by Section 1997e(e) "must be more than de minimis, but need not be significant." Harper v. Showers, 174 F.3d 716, 719 (5th Cir.1999) (quoting Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir.1997)). Plaintiff was given the opportunity to amend his complaint to describe what, if any, injury he suffered. He replied that he "did not suffer any physical injury from Captain Dyess, only that of my denial of medical care." Thus, Plaintiff's claim is subject to dismissal under 1997e(e).

To the extent that Plaintiff names the Rapides Parish Correctional facility or it's medical department as a defendant in his suit, his claim is frivolous. Louisiana law provides that, in order to possess the capacity to sue or be sued, an entity must

qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "...an entity to which the law attributes personality, such as a corporation or partnership." La.C.C. art. 24. A review of the Louisiana Secretary of State's corporation database suggests that neither the Rapides Parish Detention Center nor it's medical department are corporations and, as such, not juridical persons. Plaintiff has failed to allege or establish otherwise.

### 3. Injunctive Relief

Plaintiff notified the court on October 20, 2010, that he had been released from custody. Thus, his request for an order directing that he be brought to a specialist is moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991).

Plaintiff's request for an investigation of Captain Dyess is frivolous. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. See Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir.1985). First, to obtain a preliminary injunction a Plaintiff must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary

injunction will not disserve the public interest. See <u>Planned Parenthood of Houston & Southeast Texas v. Sanchez</u>, 403 F.3d 324, 329 (5th Cir. 2005). Plaintiff did not set forth any allegations of a substantial threat by Dyess as Plaintiff was no longer incarcerated at that institution at the time fo filing. Moreover, citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials. See <u>Hymel v. Champagne</u>, 2007 WL 1030207 (E.D.La. 2007)(citations omitted). To the extent that Plaintiff wants the Court to order a criminal investigation or prosecution, his claim is frivolous. There is no constitutional right to have a person criminally prosecuted. See <u>Oliver v. Collins</u>, 914 F.2d 56, 60 (5th Cir. 1990).

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DENIED AND DISMISSED WITH PREJUDICE**, in part as frivolous under 28 U.S.C. §1915(e)(2)(B)(i), in part as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii), and in part under 42 U.S.C. §1997e(e).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 7th day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE